IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOSE DAVID VALDEZ BALDENEGRO, | Civil No. 1:11-cv-03038-CL |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| MICHAEL NAYLOR; DAN CONVERSE; JOE FERGUSON; and JACKSON COUNTY JUVENILE SERVICES, | |
| Defendants. | |

CLARKE, Magistrate Judge:

This matter comes before the court on defendants' motion to dismiss plaintiff's second amended complaint (#32) pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiff fails to state a claim upon which relief can be granted. Plaintiff opposes defendants' motion. For the reasons explained below, defendants' motion should be denied.

## **LEGAL STANDARDS**

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the

Report and Recommendation - Page 1

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In ruling on a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N. Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 2095 (2010).

## DISCUSSION

Plaintiff alleges defendants continued to exercise probationary control and authority over him during an approximate eighteen month period after he had completed the maximum allowed five years of juvenile probation, thereby violating his constitutional rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments. Defendants contend plaintiff's claims are not legally cognizable under the holding of Heck v. Humphrey, 512 U.S. 477 (1994), because he fails to allege his supervision as part of his juvenile probation has been invalidated, expunged, or declared invalid.

Under the holding in Heck, in order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff must prove that the conviction or sentence has been

overturned or otherwise invalidated. Id. at 486-87. Accordingly, if a judgment in favor of a § 1983 plaintiff would imply the invalidity of his conviction, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated. Id. In applying the ruling of Heck, "the sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of his conviction." Whitaker v. Garcetti, 486 F.3d 572, 584 (9th Cir. 2007).

Here, it is clear from plaintiff's pleading he is challenging actions and omissions allegedly taken by defendants after completion of his juvenile court ordered term of probation and he is not, in any way, challenging the juvenile court's 2002 order adjudicating him delinquent or the court's placing him on juvenile probation for a period of five years.[1] The "sentence" referred to in Heck is the substantive determination as to the length of confinement. Wilkinson v. Dotson, 544 U.S. 74, 83 (2005) (citing Muhammad v. Close, 540 U.S. 749, 751 n.1 (2004) (per curiam) ("[T]he incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction."). If any of plaintiff's claims are successful, the judgment in plaintiff's favor would not imply the invalidity of the juvenile court's 2002 order of adjudication or its sentence of a five year period of probation. Accordingly, assuming without deciding the holding of Heck even applies to a juvenile adjudication and disposition or sentence of juvenile probation, see Dominguez v. Shaw, No. CV 10-01173-PHX-FJM, 2011 WL 4543901, at *2-*3 (D. Ariz. Sept. 30, 2011) (and cases cited); but see Johnson v. Bd. of Sch. Comm'rs of Indianapolis, Cause No. 1:09-cv-574-WTL-TAB, 2010 WL 3927753, at *3 (S.D. Ind. Oct. 1,

---

[1] ORS 419C.504 provides in pertinent part that the court "may place the youth offender on probation to the court for a period not to exceed five years."

Report and Recommendation - Page 3

2010); see also State *ex rel.* Juvenile Dep't of Multnomah County v. Johnson, 168 Or. App. 81, 87 (2000) (citing ORS 419C.400 and other authorities), plaintiff's § 1983 claims are not precluded by the holding of Heck. Defendants' motion to dismiss on the ground that plaintiff's claims are not legally cognizable should be denied.

### RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#32) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by May 29, 2012. If objections are filed, any response to the objections are due by June 15, 2012*, see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 10 day of May 2012.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - Page 4